UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ERNEST S. ALLEN**                                                **PLAINTIFF**

v.                                 **CIVIL ACTION NO. 3:08-CV-19-S**

**MAPOTHER & MAPOTHER, P.S.C. et al.**                       **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Ernest S. Allen, filed a *pro se*, *in forma pauperis* complaint alleging Defendants Mapother and Mapother, P.S.C., and First Resolution Investment Corporation violated his constitutional rights (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**MOTION TO AMEND THE COMPLAINT**

Before the Court screens the complaint, it will consider Plaintiff's motions to amend the complaint (DN 12, 14, 19, and 40).

In the first proposed amendment (DN 12),[1] Plaintiff seeks to add claims against state-court judges Deborah Deweese and Kevin L. Garvey involving rulings made in a state-court action brought by the law firm of Mapother and Mapother on behalf of First Resolution Investment Corporation. He accuses the judges of negligence, malpractice, and incompetence based on certain decision they made during the course of the state-court suit. In his next motions to amend (DN 14, 19, and 40), he seeks to add claims against state-court judge Jacquelyn P.

---

[1] This document was actually docketed as an amended complaint. However, because leave of Court was required to amend the complaint, the Court construes this document as a motion for leave to amend the complaint.

Eckert and to add claims for various monetary damages.

These motions to amend the complaint were filed after Defendants had filed a motion to dismiss and other motions in this case. In such a circumstance, the Federal Rules provide that an amendment to the complaint may occur with the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). Here, Defendants have opposed Plaintiff's proposed amendments. Amendment may therefore only occur by leave of court, which should freely been given when justice so requires. *Id.* However, "[a] district court may deny a plaintiff leave to amend his or her complaint . . . when the proposed amendment would be futile." *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

"Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Plaintiff's proposed amendments appear to raise only state-law challenges. Jurisdiction for Plaintiff's proposed amendments to the complaint cannot be premised on the diversity statute, 28 U.S.C. § 1332(a), as there is no diversity of citizenship between the parties. Plaintiff's address is in Kentucky, and the proposed defendants are state-court judges in Kentucky.

Even if Plaintiff was alleging federal constitutional claims against the state-court judges, the judges would be immune. If the suit were against the judges in their official capacities for money damages, those claims would be deemed claims against the Commonwealth of Kentucky

itself, and Eleventh Amendment immunity would apply. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

If the suit were against the judges in their individual capacity, the judges would also be immune, as Plaintiff's claims clearly revolve around actions taken by the state-court judges in the course of their judicial duties. A judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Id.* at 11.

Thus, it would be futile to grant Plaintiff leave to amend his complaint to add claims against the state-court judges. No diversity jurisdiction exists, and the Court concludes that immunity would bar any constitutional claim against the judges. Because amendment would be futile, the Court **DENIES** Plaintiff's motions to amend the complaint (DNs 12, 14, 19, and 40).

## I. SUMMARY OF CLAIMS

In his complaint, Plaintiff alleges that Defendants have violated his First, Seventh, Ninth, and Fourteenth Amendment rights under the Constitution and have committed fraud, conspiracy, larceny, and malicious prosecution. His claims arise out the state-court complaint filed against Plaintiff in January 2006 by Mapother and Mapother on behalf of First Resolution Investment Corporation claiming that Plaintiff owed $4,000. It appears that the state-court lawsuit did not end favorably for Plaintiff.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which

3

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

*Constitutional claims*

Plaintiff alleges that Defendants violated his constitutional rights. However, the Constitution does not apply to the conduct of private persons; it applies to conduct by the government. Conduct of private parties "lies beyond the Constitution's scope in most instances, . . . [though] governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614,

620 (1991). A private citizen is not liable for an alleged constitutional violation unless: (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority"; and (2) "the private party charged with the deprivation could be described in all fairness as a state actor." *Id.*

Nothing in Plaintiff's complaint or attachments thereto show that Defendants are state actors, *i.e.*, acted under color of state law. Consequently, Plaintiff's constitutional claims against Defendants fail to state a claim for which relief may be granted.

*State-law claims*

Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims for fraud, conspiracy, larceny and malicious prosecution. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's constitutional claims for failure to state a claim upon which relief may be granted and will dismiss without prejudice Plaintiff's state-law claims.

Date:


cc:     Plaintiff, *pro se*
        Counsel of record
4411.009